**ROBERT C. NISENSON, L.L.C.**
10 Auer Court
East Brunswick, NJ 08816
 (732) 238-8777
Attorneys for Debtor
Robert C. Nisenson, Esq.
RCN 6680

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-----------------------------------------
In the Matter of:                    :        Case No.: 19-13417
                                     :        Chapter 13
KAREN L. WALDORF                     :
                                     :
                                     :
        Debtor.                      :        **DEBTOR'S CERTIFICATION**
                                     :        **IN RESPONSE TO**
                                     :        **CREDITOR'S OBJECTION TO PLAN**

-----------------------------------------

I, Karen L. Waldorf, upon my oath according to law, hereby certify as follows:

1. I am the Debtor in the above captioned matter and am fully familiar with the facts of this matter. I submit this Certification in response to Creditor, Eric Waldorf's Objection to Confirmation.

2. On February 19, 2019, the Debtor filed a Voluntary Chapter 13 Bankruptcy with the United States Bankruptcy Court.

3. Debtor filed this bankruptcy in an attempt to save her home.

4. Debtor was the sole owner of the property located at 22 Magnolia Court, Piscataway, New Jersey, hereinafter referred to as the ("Property"). The Property was purchased in February 2007 by the Debtor.

5. Eric Waldorf, hereinafter referred to as the ("ex-husband") had no interest in the Property. The Debtor and ex-husband are not legally divorced but divorce action is pending.

6. The Debtor had refinanced the Property on or about 2008, Debtor and ex-husband were married and therefore the ex-husband was obligated to execute the mortgage documents. No other documents were signed by the ex-husband.

7. Debtor's ex-husband filed bankruptcy to abandon his interest at the Property.

8. The ex-husband has already given the Debtor sole ownership of the property by Quit Claim Deed.

9. The Debtor had filed for a loan modification solely based upon her income. The Debtor was approved for the loan modification but required the ex-husband to sign since he was on the refinance mortgage. The ex-husband has refused to sign the loan modification agreement in an attempt to harass the Debtor.

10. Debtor' ex-husband filed an objection to Debtor's Plan in an attempt to further harass the Debtor and not allow the bankruptcy case to be confirmed.

11. Debtor has received a permanent loan modification subject to her ex-husband executing same.

12. To date, Debtor's ex-husband has not executed the permanent loan modification documents without any reason. This is an intentional attempt to sabotage the agreement Debtor reached with the bank and to stop Debtor from saving her home where she lives with her children.

13. We hereby ask the Court to allow the Plan to be confirmed and to have the ex-husband execute the loan modification documents.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 28, 2019          /s/ KAREN L. WALDORF
                                KAREN L. WALDORF