**ROBERT C. NISENSON, L.L.C.**
10 Auer Court
East Brunswick, New Jersey 08816
(732) 238-8777
Attorneys for Debtor
Robert C. Nisenson, Esq.
Attorney No.: RCN 6680

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In Re:** | : Case #: 19-13417 CMG |
| | : |
| **KAREN L. WALDORF** | : Chapter 13 |
| | : |
| **Debtor** | : **CERTIFICATION** |
| | : **IN OPPOSITION TO** |
| | : **MOTION TO DISMISS** |
| | : |
| | : |

I, KAREN L. WALDORF, hereby certify as follows:

1.  I am one the Debtors herein in the within Chapter 13 bankruptcy proceeding. As such, I am fully familiar with the facts and circumstances set forth herein. I submit this certification in opposition to Motion to Dismiss and Compel Eric Waldorf to sign the Loan Modification Agreement.

2.  On February 19, 2019, the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code.

3.  The Debtor has filed bankruptcy as a result of a default with Wells Fargo Bank N.A. mortgage prior to filing for bankruptcy and other financial issues prior to filing.

4.  At the time of the filing the Debtor was in arrears to Wells Fargo Bank for their 1st and 2nd mortgages. The Debtor is the sole owner of the home, but Debtor's ex-husband had to sign the mortgage.

5. The Debtor applied to obtain this loan modification and now has been approved.

6. Without the loan modification, the Debtor will not be able to keep her home.

7. Wells Fargo Bank N.A. has now agreed to modify the mortgage with an interest rate of 5.375% and the monthly payment of $2,820.25 paid over 40 years.

8. Eric Waldorf, hereinafter referred to as the ("ex-husband") had no interest in the Property. The Debtor and ex-husband are not legally divorced but divorce action is pending.

9. The ex-husband has now refused to sign the loan modification agreement in an attempt to harass the Debtor.

10. Debtor has received a permanent loan modification subject to her ex-husband executing same. To date, Debtor's ex-husband has not executed the permanent loan modification documents without any reason. This is an intentional attempt to sabotage the agreement Debtor reached with the bank and to stop Debtor from saving her home where she lives with her children.

11. However, Eric Waldorf is trying to dismiss Debtor's bankruptcy case alleging it was filed in bad faith.

12. The Debtor clearly had good intentions to file this bankruptcy case by proof that she has already obtained a loan modification.

13. Debtor did not need her husband's approval since he was not on the Deed to property and did not use his income to be approved.

14. Additionally, Debtor disputes her husband's claim set forth in paragraph 12(a) in that the value of her assets are understated. The property is old furniture has little or no value. It is over 15 years old and cannot be sold.

15. In paragraph 12(b) Eric Waldorf alleges my jewelry is worth more. When my ex-husband moved out of the home all of my jewelry disappeared.

16. My ex-husband claims that I have significant assets which are without any basis. I am happy to have someone inventory my home.

17. Debtor has filed this case in good faith and it is Eric Waldorf who is acting in bad faith to prevent me from saving home where I live with my children.

18. My ex-husband's attempt to dismiss my case is just a further attempt to harass me and cause me to expend unnecessary legal fees.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 23, 2019

/s/ KAREN L. WALDORF
KAREN L. WALDORF