| UNITED STATES BANKRUPTCY COURT |
|---|
| District of New Jersey |

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

**Order Filed on February 18, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Karen L Waldorf

Debtor(s)

Case No.: 19-13417 / CMG

Hearing Date:  02/05/2020

Judge: Christine M. Gravelle

Chapter: 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: February 18, 2020**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 03/04/2019, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$3,000.00 PAID TO DATE

$335.00 for 48 months beginning 3/1/2020

**ORDERED** that the case is confirmed with a calculated plan funding of $20,040.00, which includes a minimum $5,778.00 dividend to general unsecured creditors due to non-exempt equity in property.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that the debtor(s) must obtain a loan modification by 2/5/2020 or as extended by Loss Mitigation Order.

- Creditor Wells Fargo Bank, N.A., PACER claim #5-1, will be paid outside of the Chapter 13 Plan.

**ORDERED** that the claim of Toyota Lease Trust/Toyota Motor Credit Corporation, court claim #10-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that the claim of Plantation Resort of Myrtle Beach, court claim #13-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Secured creditor Wells Fargo Bank, N.A., PACER Claim #16-1, will be paid arrears in the amount of $7,872.30 through the Chapter 13 Plan, per the filed Proof of Claim.

Secured creditor Toyota Lease Trust/Toyota Motor Credit Corporation, PACER Clam #2-1, received stay relief on 5/3/2019 on personal property more fully described as a 2016 Toyota Highlander; creditor will be paid outside of the Chapter 13 Plan.

United States Bankruptcy Court
District of New Jersey

In re:  
Karen L Waldorf  
    Debtor

Case No. 19-13417-CMG  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin    Page 1 of 1    Date Rcvd: Feb 20, 2020  
                   Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 22, 2020.  
db          +Karen L Waldorf,    22 Magnolia Court,    Piscataway, NJ 08854-2299

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2020        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 20, 2020 at the address(es) listed below:

       Albert     Russo     docs@russotrustee.com  
       Albert     Russo     on behalf of Trustee Albert     Russo docs@russotrustee.com  
       Charles G. Wohlrab     on behalf of Creditor     Wells Fargo Bank, N.A. cwohlrab@LOGS.com,  
        njbankruptcynotifications@logs.com  
       Denise E. Carlon     on behalf of Creditor     Toyota Motor Credit Corporation  
        dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com  
       Kevin Gordon McDonald     on behalf of Creditor     Toyota Motor Credit Corporation  
        kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com  
       Robert C. Nisenson     on behalf of Debtor Karen L Waldorf r.nisenson@rcn-law.com,  
        doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com  
       Scott J. Goldstein     on behalf of Creditor Eric     Waldorf sjg@sgoldsteinlaw.com,  
        cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;G31979@notify.cincompass.com  
       Thomas S. Onder     on behalf of Creditor     Stark & Stark, P.C. tonder@stark-stark.com  
       U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov  
       William M.E. Powers     on behalf of Creditor     Wells Fargo Bank, N.A. ecf@powerskirn.com  
       William M.E. Powers, III     on behalf of Creditor     Wells Fargo Bank, N.A. ecf@powerskirn.com  
                                                                                     TOTAL: 11