| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Robert C. Nisenson, Esq.<br>10 Auer Court<br>East Brunswick, NJ 08816<br>(732) 238-8777<br>(732) 238-8758 (fax)<br>RCN 6680 | Order Filed on July 21, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>Karen L. Waldorf | Case No.: 19-13417<br>Chapter: 13<br>Judge: CMG |

# ORDER ON MOTION FOR AUTHORIZATION
# TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
# (CHAPTER 13)

The relief set forth on the following page is **ORDERED**.

**DATED: July 21, 2021**

*Honorable Christine M. Gravelle*
United States Bankruptcy Judge

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on  July 1, 2021 , as to the  first  mortgage *[enter first, second, third, etc.]* concerning real property located at  22 Magnolia Ct., Piscataway, NJ , and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒    The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

☒ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☐ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☐ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____ ; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐ The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

United States Bankruptcy Court

District of New Jersey

In re:                                                                                                  Case No. 19-13417-CMG
Karen L Waldorf                                                                                Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                                   Page 1 of 2
Date Rcvd: Jul 21, 2021                 Form ID: pdf903                            Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol     Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 23, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Karen L Waldorf, 22 Magnolia Court, Piscataway, NJ 08854-2299 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2021                            Signature:        /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 21, 2021 at the address(es) listed below:**

**Name**                          **Email Address**
Albert Russo
                          docs@russotrustee.com

Albert Russo
                          on behalf of Trustee Albert Russo docs@russotrustee.com

Denise E. Carlon
                          on behalf of Creditor Toyota Motor Credit Corporation dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com

Elizabeth L. Wassall
                          on behalf of Creditor Wells Fargo Bank  N.A. ewassall@logs.com, njbankruptcynotifications@logs.com;logsecf@logs.com

Kevin Gordon McDonald
                          on behalf of Creditor Toyota Motor Credit Corporation kmcdonald@kmllawgroup.com  bkgroup@kmllawgroup.com

Robert C. Nisenson
                          on behalf of Debtor Karen L Waldorf r.nisenson@rcn-law.com
                          doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

| District/off: 0312-3 | User: admin | Page 2 of 2 |
| --- | --- | --- |
| Date Rcvd: Jul 21, 2021 | Form ID: pdf903 | Total Noticed: 1 |

| | |
| --- | --- |
| Scott J. Goldstein | on behalf of Creditor Eric Waldorf sjg@sgoldsteinlaw.com cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;G31979@notify.cincompass.com |
| Thomas S. Onder | on behalf of Creditor Stark & Stark P.C. tonder@stark-stark.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| William M.E. Powers | on behalf of Creditor Wells Fargo Bank N.A. ecf@powerskirn.com |
| William M.E. Powers, III | on behalf of Creditor Wells Fargo Bank N.A. ecf@powerskirn.com |

TOTAL: 11